562 So.2d 1120 (1990)
Charmayne STERLING
v.
URBAN PROPERTY COMPANY.
No. 89-CA-1970.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 1990.
Robert A. Caplan, Lewis & Caplan, New Orleans, for appellee.
Kenneth A. Williams, Houston, Tex., for appellant.
Before LOBRANO, WARD and ARMSTRONG, JJ.
LOBRANO, Judge.
The issue in this appeal is whether plaintiff's claim is based in tort or breach of contract. The trial court held it was clearly a tort action and thus the one year prescriptive period had tolled. Plaintiff argues that this was error and that the ten-year period for breach of contract is applicable. We affirm.
On March 4, 1987 plaintiff, Charmayne Sterling entered into a lease with defendant, Urban Property Company, for the rental of an apartment beginning February 16, 1987.[1] She filed the instant suit on October 21, 1988 alleging that Jim Wylie, a partner of defendant, made sexual advances towards her in February and June of 1987. Specifically the petition asserts:

*1121 VI.
"While plaintiff resided at 813 Darensburg Court defendant's partner, Jim Wylie, made unwelcome sexual advances toward plaintiff, requested sexual favors and engaged in other verbal and non-consensual conduct of a sexual nature with plaintiff, thereby creating an intimidating, hostile or offensive living environment which forced her to vacate her federally subsidized apartment."
VII.
"By its conduct, as described in paragraph VI above, defendant engaged in sex discrimination in violation of Section 3 of its lease with plaintiff."
Plaintiff seeks compensatory damages for mental anguish, anxiety, humiliation, inconvenience and "tremendous financial loss."
In support of her breach of contract theory, plaintiff relies on Section 3 of her lease agreement which provides:
"Section 3. CIVIL RIGHTS. The Lessor shall not discriminate against the Lessee in the provisions of services, or in any other manner, on the grounds of race, color, handicap, creed, religion, sex or national origin."
Plaintiff argues that her claim for damages is in both tort and breach of contract. She cites McCory Corp. v. Latter, 331 So.2d 577 (La.App. 1st Cir.1976), writ denied, 334 So.2d 229 (1976) for the proposition that a lessee may have a tort and breach of contract claim against the lessor for the same occurrence. While we agree with that general principle, the facts of the instant case are clearly distinguishable from McCory and do not support a breach of contract.
In McCory, supra, the lessee sued his landlord for the intrusion of water into the basement of the leased premises. The court held that the action was not only a tort but a breach of contract and hence had not prescribed. However, the lease agreement in that case specifically provided "Landlord shall at all time during the term: keep the basement (if any) of the leased premises waterproof...." Id. at 579. In the instant case, the lease provisions relied on by plaintiff are clearly intended to prevent discrimination by the landlord in the leasing of the premises and/or in his providing of services. The clause relied on by plaintiff is a basic restatement of the anti-discrimination requirements necessary in all public housing lease agreements.
Although plaintiff claims her pleadings assert a breach of contract, it is well settled that "courts look to the content of pleadings to ascertain the nature of a complaint rather than to the labels placed on those pleadings." Doescher v. Marcotte, 343 So.2d 345 (La.App. 4th Cir.1977) at 348; Northern Assurance Co. of America v. Waguespack, 304 So.2d 865 (La.App. 4th Cir.1974). Plaintiff alleges unsolicited sexual advances by defendant which has caused her damage. The damage she seeks consists of humiliation, mental anguish, and inconvenience. We conclude that the occurrences alleged are traditional assertions of an intentional tort, similar to assault or battery. The damages sought are traditional tort damages.
Plaintiff argues that damages for non-pecuniary loss, such as mental anguish and humiliation, are recoverable in breach of contract cases, citing Civil Code Article 1998. Plaintiff's reliance on that article is misplaced. That article allows for non-pecuniary damages only where "the contract, because of its nature, is intended to gratify a non-pecuniary interest...." The lease agreement in the instant case clearly does not have gratification of a non-pecuniary interest as its object. The "cause" of the contract is clearly material, i.e. living quarters. See, La.C.C. Article 1998, Revisions Comments 1984, for an explanation of non-pecuniary interest.
We conclude that plaintiff's claim is in tort and thus has prescribed. The judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] The lease rental is subsidized by the Public Housing Authority and is based on the lessee's family income, composition, etc.