816 So.2d 998 (2002)
Vanessa WILLIAMS
v.
HOLIDAY INN WORLDWIDE, et al.
No. 2002-C-0762.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 2002.
Rehearing Denied June 14, 2002.
*1000 Thomas A. Gennusa, II, Jack P. Ruli, Kelly E. Barbier, The Law Offices of Thomas A. Gennusa, II, Metairie, LA, for Plaintiffs/Respondents.
Kevin J. Webb, Victor E. Stilwell, Deutsch, Kerrigan & Stiles, L.L.P., New Orleans, LA, for Defendant-Relator, Ernest E. Verges, AIA.
Eric J. Simonson, Adam McNeil, McGlinchey Stafford, New Orleans, LA, for Intervenor, Pinkerton Security and Investigation Services, Inc.
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge MIRIAM G. WALTZER and Judge MICHAEL E. KIRBY).
MIRIAM G. WALTZER, Judge.

STATEMENT OF THE CASE
Relator, Ernest E. Verges, AIA, seeks review of the trial court's denial of his exception of prescription.
Plaintiff, Vanessa Williams, filed the present action seeking damages for injuries sustained in a slip and fall accident which occurred on 19 September 1996. The plaintiff alleged that she was employed by Pinkerton as a security guard and was stationed at the Holiday Inn Crowne Plaza. Plaintiff allegedly tripped and fell over a decorative flower planter near the Expresso Deli. The plaintiff initially filed suit on 17 September 1997 against Holiday Inn Worldwide. She later amended her petition on 1 June 1998 to substitute Bristol Hotel Company for Holiday Inn Worldwide. The plaintiff also supplemented her petition to include as defendants Ernest E. Verges, AIA, the architect of the Expresso Deli, and Gulf South Construction Company of Mississippi, the contractor who built the Expresso Deli. Bristol/Holiday Inn was dismissed with prejudice by summary judgment on the grounds that it was the plaintiffs statutory employer. Verges and Gulf South filed exceptions of prescription alleging that since Bristol/Holiday Inn was dismissed from the action with prejudice, Bristol/Holiday Inn was not solidarily liable with them and therefore, prescription was not interrupted. The trial court conducted a hearing on the exceptions on 15 March 2002 and rendered judgment denying the exceptions of prescription. The trial court signed a written judgment denying the exceptions of prescription on 21 March 2002. Defendant, Verges, filed his notice of intent to seek supervisory writs on 26 March 2002.

ANALYSIS
Verges argues that the trial court erred when it denied his exception of prescription. He contends that since Bristol/Holiday Inn was dismissed with prejudice, plaintiffs original petition filed on 17 September 1997 did not interrupt prescription as to Verges.
Delictual actions are subject to a liberative prescriptive period of one year which begins to run from the day injury or damage is sustained. La. C.C. article 3492. Prescription is interrupted by the filing of suit in a court of competent jurisdiction. La. C.C. article 3462. The interruption of prescription against one solidary obligor is effective against all solidary obligors. La. C.C. articles 1799 and 3503. When it is clear on the face of a plaintiff's petition that prescription has run, the *1001 plaintiff bears the burden of showing why the claim has not prescribed. Lima v. Schmidt, 595 So.2d 624 (La.1992).
In Williams v. Sewerage and Water Board of New Orleans, 611 So.2d 1383 (La.1993), the Louisiana Supreme Court concluded that prescription was interrupted with regard to an injured employee's claims against a third party tortfeasor when the employee filed a timely suit seeking worker's compensation benefits from his employer. However, in Gary v. Camden Fire Insurance Co., 96-0055 (La.7/2/96), 676 So.2d 553, the Louisiana Supreme Court recognized that while a lawsuit against an employer may interrupt prescription, voluntary compensation payments do not acknowledge debts or liability and do not interrupt prescription under La. C.C. article 3464.
In the present case, the plaintiff filed a tort-based suit against Bristol/Holiday Inn on 17 September 1997. She amended and supplemented the petition on 1 June 1998 to include defendants Verges and Gulf South Construction Company of Mississippi. In July of 2001, Bristol/Holiday Inn was dismissed from the suit with prejudice as the trial court determined in a summary judgment that Bristol/Holiday Inn was the plaintiff's statutory employer. As Bristol/Holiday Inn was dismissed with prejudice from the tort action, it is not solidarily liable with Verges and Gulf South Construction Company of Mississippi. The plaintiff never filed an action for workers compensation against Bristol/Holiday Inn or sought appellate review of Bristol/Holiday Inn's dismissal with prejudice. Therefore, plaintiff has no other remedies against Bristol/Holiday Inn. Bristol/Holiday Inn is not, and will not, be liable to plaintiff for any of her alleged damages. Therefore, the suit against Bristol/Holiday Inn did not interrupt prescription as to Verges and Gulf South Construction Company of Mississippi.
The plaintiff also argues that prescription was suspended under the doctrine of contra non valentem. The Supreme Court discussed the application of this theory in Wimberly v. Gatch, 635 So.2d 206 (La.1994):
The courts created the doctrine of contra non valentem, as an exception to the general rules of prescription. Hillman v. Akins, 631 So.2d 1 (La.1994); Bouterie v. Crane [616 So.2d 657 (La. 1993) ], supra; Harvey v. Dixie Graphics, Inc., 593 So.2d 351 (La.1992); Plaquemines Parish Com'n Council v. Delta Development Co., Inc., 502 So.2d 1034, 1054 (La.1987). The doctrine is contrary to the express provisions of the Civil Code. See LSA-C.C. art. 3467; Bouterie v. Crane, supra; Plaquemines Parish Com'n Council v. Delta Development Co., Inc., supra. The principles of equity and justice which form the mainstay of the doctrine, however, demand that under certain circumstances, prescription be suspended because plaintiff was effectually prevented from enforcing his rights for reasons external to his own will. Bouterie v. Crane, supra; see Plaquemines Parish Com'n Council v. Delta Development Co., Inc., supra; Corsey v. State, through Dept. of Corrections, 375 So.2d 1319 (La.1979).
Generally, the doctrine of contra non valentem suspends prescription where the circumstances of the case fall into one of the following four categories:
1. Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
2. Where there was some condition coupled with a contract or connected with the proceedings which prevented *1002 the creditor from suing or acting;
3. Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and
4. Where some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.

Rajnowski v. St. Patrick's Hospital, 564 So.2d 671, 674 (La.1990); Whitnell v. Menville, 540 So.2d 304 (La.1989); Plaquemines Parish Com'n Council v. Delta Development Co., Inc., supra; Corsey v. State, through Dept. of Corrections, 375 So.2d at 1321-1322; but see Bouterie v. Crane, supra [Bouterie's claim did not squarely fit into any of these 4 categories but was closely analogous to the second category; therefore, prescription was suspended. (FN11) ].
The first two categories of the doctrine are not relevant to this case and, therefore, are not further discussed. The third and fourth categories are both relevant. The third category applies to cases where defendant engages in conduct which prevents the plaintiff from availing himself of his judicial remedies. Corsey v. State, through Dept. of Corrections, supra; Whitnell v. Menville, supra; Plaquemines Parish Com'n Council v. Delta Development Co., Inc., supra. The cause of action accrued, but plaintiff was prevented from enforcing it by some reason external to his own will. Corsey v. State, through Dept. of Corrections, supra. The fourth category, commonly known as the discovery rule, provides that prescription commences on the date the injured party discovers or should have discovered the facts upon which his cause of action is based. Griffin v. Kinberger, 507 So.2d 821 (La.1987); Lott v. Haley, 370 So.2d 521 (La.1979). Hence, prescription does not accrue as it does not run against one who is ignorant of the facts upon which his cause of action is based, as long as such ignorance is not willful, negligent or unreasonable. In Re Medical Review Panel of Howard, 573 So.2d 472 (La.1991); Young v. Clement, 367 So.2d 828 (La.1979).
The doctrine of contra non valentem distinguishes between personal disabilities of the plaintiff (which do not prevent prescription from running) and an inability to bring suit for some cause foreign to the person of the plaintiff (which suspends its running). Id. The equitable doctrine is, in part, but an application of the long-established principle of law that one should not be able to take advantage of one's own wrongful act. Nathan v. Carter, 372 So.2d 560 (La. 1979).

Wimberly, 635 So.2d at 211-212.
In the case at bar, plaintiff argues that she was unable to discover the names of the architect and construction company which designed and built the Expresso Deli. She contends that she was not able to discover their names until after she filed suit against Bristol/Holiday Inn and initiated discovery. Once she learned the names from counsel for Bristol/Holiday Inn, she supplemented the petition to include Verges and Gulf South Construction Company of Mississippi. However, plaintiffs decision to wait until discovery to determine their names was not reasonable. The plaintiff should not have expected to rely upon Bristol/Holiday Inn for such information. She could have, and should have, conducted the research herself to locate the information. It should be noted that the information was found in the records in the City of New Orleans's Office of Safety and Permits. Thus, the plaintiff's delay was not reasonable and she should *1003 have discovered the information within the one year prescriptive period.

CONCLUSION AND DECREE
For the foregoing reasons, the prescriptive period for suing Verges and Gulf South Construction Company of Mississippi was not suspended. Plaintiffs claims were prescribed when she supplemented her petition to name Verges and Gulf South Construction Company of Mississippi as defendants. The trial court erred when it denied Verges' exception of prescription.
Accordingly, Verges' writ application is granted, the trial court's ruling is reversed, the exception of prescription is maintained and plaintiff's claims against Verges are dismissed.
WRIT GRANTED; TRIAL COURT RULING REVERSED; EXCEPTION OF PRESCRIPTION MAINTAINED; PLAINTIFF'S SUIT AGAINST ERNEST E. VERGES, AIA, DISMISSED.