999 So.2d 61 (2008)
Tyrone SAYLOR
v.
VILLCAR REALTY, L.L.C. and Carter-Downing Apartments, Inc.
No. 2008-CA-0035.
Court of Appeal of Louisiana, Fourth Circuit.
November 19, 2008.
*62 Ronna M. Steele, New Orleans, LA, for Plaintiff/Appellant.
James Ryan III, Timothy T. Roniger, Jeffrey A. Clayman, James Ryan III & Associates, LLC, New Orleans, LA, for Defendant/Appellee (Villcar Realty, L.L.C.).
(Court composed of Judge CHARLES R. JONES, Judge MICHAEL E. KIRBY, Judge ROLAND L. BELSOME).
MICHAEL E. KIRBY, Judge.
Plaintiff, Tyrone Saylor, appeals the trial court judgment granting the exception of prescription filed by defendant, Villcar Realty, LLC ("Villcar"), and dismissing plaintiff's claims against that defendant with prejudice. We affirm for reasons that follow.
On April 16, 2003, plaintiff filed a petition for damages against Villcar and Carter-Downing *63 Apartments, Inc. Plaintiff alleged in his petition that on February 12, 2002, he was a tenant at the property located at 4601 MacArthur Street in New Orleans when a fire broke out in his apartment. He further alleged that he was forced to escape by jumping out of a second story window. The injuries suffered by plaintiff in this tragic accident resulted in his paralysis from the waist down. Plaintiff alleged that Villcar was the owner and/or managing entity of the property, and alternatively, that Carter-Downing Apartments, Inc. was the owner and/or managing entity of the property. Plaintiff alleged that defendants are liable to him under theories of negligence and breach of contract. Plaintiff further alleged that the doctrine of contra non valentem is applicable in this case because his injuries prevented him from pursuing legal action until shortly before the filing of his petition, and because the defendants prevented him from pursuing his legal action by failing to reveal the identity of the owner of the property.
Villcar filed an exception of prescription, arguing that plaintiff's action is delictual in nature and should be dismissed as it was filed more than one year after the injuries complained of in the petition. In support of its exception, Villcar filed a memorandum, plaintiff's deposition, medical records pertaining to plaintiff's injuries following the fire, the New Orleans Fire Department Incident Report, correspondence regarding plaintiff's claim for disability benefits under the Social Security Act, the affidavit of an employee of a law firm allegedly contacted by plaintiff in March 2002, and the deposition of the Villcar property manager for properties including the one located at 4601 MacArthur Street. In opposition to the exception of prescription, plaintiff filed a memorandum, the deposition of the Villcar property manager, Villcar's response to plaintiff's request for admissions, plaintiff's petition for damages and plaintiff's deposition.
Following a hearing on the exception, the trial court granted the exception of prescription and dismissed the plaintiff's petition against Villcar with prejudice. Plaintiff filed a motion for new trial, which was denied by the trial court. This appeal followed.
On appeal, the plaintiff first argues that the trial court erred in ruling that the plaintiff does not have an action in contract against defendant Villcar. Plaintiff argues that defendant Villcar is liable to him under theories of tort and breach of contract. Although plaintiff does not allege that a written contract existed between him and Villcar, he alleges that Villcar breached certain obligations owed to him as a tenant or lessee as provided for in Louisiana Civil Code articles 2682, 2684 and 2696. In his petition for damages, plaintiff alleged that Villcar committed the following contractual breaches:
1) Breach of implied warranty of habitability;
2) Breach of implied warranty of peaceable possession;
3) Breach of contractual duty to maintain premises in a condition to serve the use for which it was leased;
4) Breach of duty to maintain premises which resulted in constructive eviction;
5) Breach of duty to disclose party from whom the premises were leased;
6) Other breaches as will be shown at trial of this matter.
Following the hearing in this matter, the trial court found that although the plaintiff's petition alleged that Villcar is liable to him under theories of tort and contract, this case sounds in tort only and is not a breach of contract case. Thus, the trial *64 court found that the ten year prescriptive period for breach of contract cases does not apply in this case.
Courts look to the content of the pleadings to ascertain the nature of a complaint rather than to the labels placed on the pleadings. Sterling v. Urban Property Company, 562 So.2d 1120, 1121 (La.App. 4 Cir.1990). The facts of this case as alleged by plaintiff present a tort claim only. As such, this case is subject to the prescriptive periods applicable to tort claims. We find no error in the trial court's ruling that plaintiff does not have an action in contract against Villcar.
Plaintiff next argues that the trial court erred in ruling that the one year prescriptive period for a tort action applies in this case and that prescription was not suspended under the contra non valentem doctrine. A party generally must assert a delictual claim within one year from the date the injury or damage is sustained. La. C.C. article 3492. Hoerner v. Wesley-Jensen, 95-0553, p. 3 (La.App. 4 Cir. 11/20/96), 684 So.2d 508, 510. When it is not obvious from the face of the petition that the claim is prescribed, the burden rests on the defendant or party pleading prescription. Stett v. Greve, 35,140, pp. 7-8 (La.App. 2 Cir. 2/27/02), 810 So.2d 1203, 1208. However, if the face of the petition shows that the prescriptive period has already elapsed, the plaintiff has the burden of establishing that suspension, interruption or renunciation of prescription has occurred. Lima v. Schmidt, 595 So.2d 624 (La.1992).
Under the judicially created doctrine of contra non valentem, prescription is suspended (1) when there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) when there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of this cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Landry v. Blaise, XXXX-XXXX, p. 5 (La.App. 4 Cir. 10/23/02), 829 So.2d 661, 665, citing Corsey v. State of Louisiana, Through the Department of Corrections, 375 So.2d 1319, 1321-22 (La.1979).
Plaintiff filed his petition for damages on April 16, 2003, more than one year after the February 12, 2002 accident at issue. Plaintiff contends that prescription was suspended in this case under the contra non valentem doctrine because his physical and mental injuries resulting from the accident prevented him from pursuing his legal action within the one year prescriptive period allowed for tort claims. Plaintiff states that he was treated for brain trauma for approximately 2 ½ months after the accident and underwent multiple surgical procedures that necessitated the use of pain medication and antidepressants, which impaired him. He also contends that he was prevented from pursuing his legal action as a result of Villcar's failure to reveal the identity of the party with whom plaintiff was contracted even after Villcar had knowledge of the incident. Plaintiff states in his brief that at the time of the accident, he did not know that Villcar was the owner of the property, and Villcar made no attempt to communicate that fact to him.
The trial court rejected plaintiff's argument that the doctrine of contra non valentem is applicable in this case, finding that plaintiff presented no medical evidence that he suffered the type of brain injury that would diminish his capacity to *65 pursue a lawsuit against the owners of the apartment building. The court further stated that there was no evidence presented by plaintiff as to any efforts made by him to determine the proper party defendant in this case.
The medical records submitted in support of the exception of prescription establish that plaintiff was able to report the cause of his injury to the emergency medical service ambulance driver and hospital emergency room staff within hours of the accident. The trial court correctly noted that the medical records do not contain any evidence that plaintiff suffered the type of brain injury that would diminish his capacity to pursue legal action.
Furthermore, affidavit evidence was presented showing that one month after the accident, plaintiff contacted a local law firm seeking representation in connection with his injuries sustained in the accident. A representative of the law firm personally conferred with plaintiff on March 15, 2002, and the firm informed plaintiff soon thereafter that it would not represent him in this matter. Although plaintiff does not recall the exact date or name of the person with whom he met, he admits that he met with a representative of the Berger and Associates law firm at his request during his hospital stay following the accident. He also confirmed that the Berger and Associates law firm notified him by letter shortly after the visit that the firm was not willing to represent him. These facts refute plaintiff's claim that his physical and mental injuries resulting from the accident prevented him from pursuing his legal action within the one year prescriptive period allowed for tort claims.
Plaintiff also claims that the doctrine of contra non valentem should apply because he did not know at the time of the accident that Villcar was the owner of the property, and Villcar did not communicate that fact to him. Plaintiff does not present any legal authority for his contention that Villcar was obligated to identify itself to him as the owner of the property.
In Williams v. Holiday Inn Worldwide, XXXX-XXXX (La.App. 4 Cir. 5/15/02), 816 So.2d 998, the plaintiff argued that prescription was suspended under the contra non valentem doctrine because she was unable to discover the names of the architect and construction company of the business at which she was injured until the discovery process began. This Court rejected plaintiff's argument, finding that it was incumbent upon plaintiff to conduct her own research to locate that information. Id., p. 5, 816 So.2d at 1002. The Court further found that plaintiff's delay in ascertaining the identity of the defendants was not reasonable, and that she should have discovered this information within the one year prescriptive period. Id., p. 5, 816 So.2d at 1002-1003.
Similarly, we find that it was plaintiff's burden to determine the proper party or parties against whom to file his lawsuit within the one year prescriptive period. Plaintiff did not do so, and as a result, his claim against Villcar is prescribed. We find no error in the trial court's conclusion that the doctrine of contra non valentem is not applicable in this case.
Finally, plaintiff argues that the trial court erred in giving undue weight to defendant's characterization of plaintiff and his alleged actions on the date of the accident. Plaintiff refers to allegations presented by Villcar, including that plaintiff was intoxicated and under the influence of drugs at the time of the accident and that the fire was the result of a pot left on a lit stove by plaintiff. Plaintiff claims that he does not remember cooking before going to bed, and that allegations about his pre-accident activities have nothing to do with *66 the issue of prescription or the applicability of the contra non valentem doctrine.
Notwithstanding the fact that the documentation submitted by Villcar in support of its exception supports its position that plaintiff reported to hospital personnel that the fire started as a grease fire and that plaintiff had consumed alcohol on the night of the accident, the trial court stated at the hearing that the issues of how the fire started and plaintiff's level of impairment that evening did not factor into the court's determination of whether this case has prescribed. The court found that this case sounds in tort but not in breach of warranty. As such, the trial court found that this lawsuit, which was filed fourteen months after the accident, is prescribed. We find no error in that ruling.
For the reasons stated above, we find that the trial court correctly maintained the exception of prescription filed by Villcar, and dismissed plaintiff's claims against that defendant. The trial court judgment is affirmed.
AFFIRMED.