| ELISE FINLEY, ET AL | * | NO. 2023-C-0365 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| ST. CHRISTINA PFU, L.L.C., | * | |
| ET AL. | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-01109, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

Micholle W. Mordock
Lance V. Licciardi, Jr.
BRADLEY MURCHISON KELLY & SHEA LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163-2700

    COUNSEL FOR RELATOR

Pius A. Obioha
PIUS A. OBIOHA & ASSOCIATES, LLC
1550 North Broad Street
New Orleans, LA 70119

    COUNSEL FOR RESPONDENT

        **WRIT GRANTED; REVERSED; AND
        JUDGMENT RENDERED
        June 23, 2023**

This is a tort suit. Relator—DHC-OpCo Pineville, LLC ("DHC")—seeks review of the trial court's May 4, 2023 judgment denying its peremptory exception of prescription. For the following reasons, we grant DHC's writ, reverse the trial court's judgment, render judgment granting DHC's prescription exception, and dismiss the case.

### FACTUAL AND PROCEDURAL BACKGROUND

Since the only issue presented on this writ application is prescription, a time line of the pertinent factual and procedural events is necessary to provide a background for addressing the issue.

In April 2014, Respondents—Clinton and Elise Finley (the "Finleys")—filed suit in East Baton Rouge Parish against Lakeland Partners, LLC ("Lakeland"), in its capacity as the owner and operator of Christina's Nursing and Rehabilitation Center ("Christina's Nursing"), and its insurer. The Finleys averred that two separate incidents occurred involving Mr. Finley. The first incident occurred in January 2014 and involved an emergency medical surgery for Mr. Finley after he

1

suffered a fractured leg due to a fall. The second incident occurred in April 2014 and involved an involuntary discharge.[1]

In February 2015, the Finleys dismissed the East Baton Rouge Parish suit and filed suit in Orleans Parish. In the Orleans Parish suit, they named three defendants: Lakeland; St. Christina, PFU, LLC ("St. Christina"); and a fictitious insurer. Both Lakeland and St. Christina were named as Christina's Nursing's owners and operators.

In March 2015, Lakeland filed an exception of prematurity regarding the January 2014 claim. It contended the claim sounded in medical malpractice, requiring it first be filed with a medical review panel. Lakeland also filed exceptions of no right of action and no cause of action as to the April 2014 wrongful discharge incident. It contended that it sold Christina's Nursing to DHC, effective February 1, 2014. In support, Lakeland attached a copy of the bill of sale. The trial court granted both motions, dismissing Lakeland without prejudice.

In June 2015, St. Christina filed a summary judgment motion and an exception of no right of action. It contended that it was never Christina's Nursing's owner or operator. The trial court granted St. Christina's motion, dismissing them from the suit.

In July 2015, the Finleys filed an amended petition joining DHC as a defendant. DHC was joined as Christina's Nursing's owner and operator at the

---

[1] In their petition, the Finleys incorrectly alleged the second incident—the wrongful discharge incident—occurred in February 2014. The Finleys corrected this mistake in their subsequent pleadings. It is undisputed that the wrongful discharge incident occurred in April 2014

time of the April 2014 wrongful discharge incident. In response, DHC filed a prescription exception. According to DHC, the April 2014 wrongful discharge incident was subject to the one-year prescriptive period for delictual actions. *See* La. C.C. art. 3492. DHC argued that the Finleys failed to join it as a defendant until more than a year after the alleged wrongful discharge incident. The Finleys failed to file an opposition to the prescription exception. The trial court granted the prescription exception and dismissed the case.

In response, the Finleys filed a motion for new trial and a request for leave to file an opposition to the prescription exception. The trial court granted their request. In their opposition, the Finleys contended that they were unaware of Lakeland's sale of Christina's Nursing to DHC until Lakeland filed its exception of no right of action and attached a copy of the bill of sale their exception. Citing the *contra non valentem* doctrine, the Finleys argued that prescription was suspended until the bill of sale was filed in the trial court record. DHC filed a reply arguing that had the Finleys acted with reasonable diligence, they "could have gone to the site www.medicare.gov which provides nursing home information" and discovered that DHC owned Christina's Nursing effective February 1, 2014.

On May 4, 2023, the trial court denied DHC's prescription exception. In so doing, the trial court issued written reasons for judgment, observing:

> The Court finds that the doctrine of *contra non valentem* would apply here. This doctrine specifically recognizes that prescription does not run against a party who is unable to act. This type of situation would arise when the cause of action is neither known nor reasonably knowable by the plaintiff. Based on the evidence presented to the Court, the Plaintiffs could not have reasonably known that DHC was the proper Defendant until they were notified of the issue through

3

Lakeland's Exceptions. . . . As such, prescription would have started to run on the date that the Plaintiffs discovered the issue in Lakeland's exception which was filed on March 10, 2015. Since the Plaintiffs properly filed their amended petition on July 23, 2015, the Court finds that their claims against DHC have not prescribed.

This writ application followed.

**STANDARD OF REVIEW AND PRESCRIPTION PRINCIPLES**

When evidence is introduced on a prescription exception, the trial court's factual findings generally are reviewed under the manifestly error standard. *Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 17-0413, p. 8 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800. "When evidence is introduced but the case involves no dispute regarding material facts, only the determination of a legal issue, an appellate court must review the issue *de novo*, giving no deference to the trial court's legal determination." *Id.* "Ordinarily, the defendant—the party asserting a peremptory exception of prescription—bears the burden of proof.*" Wells Fargo Fin. Louisiana,* 17-0413, p. 9, 231 So.3d at 800. "When the plaintiff's claim is prescribed on the face of the petition, however, the burden shifts to the plaintiff to establish that his or her claim has not prescribed." *Id.*

**DISCUSSION**

The Finleys joined DHC as a defendant to this suit in July 2015, for alleged tortious action that occurred in April 2014—the wrongful discharge incident. Given DHC was not joined until after the one-year tort prescriptive period elapsed, the Finleys' claim against DHC is prescribed on the face of the petition. The burden, thus, shifted to the Finleys to establish that their claim was not prescribed.[2]

---

[2] Although the Finleys did not raise the issue, DHC points out that the Finleys' earlier filed petitions naming Lakeland and St. Christina as defendants did not interrupt prescription as to

4

Attempting to meet that burden, the Finley's argued, and the trial court found, that the *contra non valentem* doctrine applied. Particularly, they relied on the fourth category of *contra non valentem*—the discovery doctrine, which applies when some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.[3] The narrow issue presented here is whether the trial court erred in finding *contra non valentem* applied.

*Contra non valentem* is a jurisprudential exception to prescription that suspends prescription. *Carter v. Haygood*, 04-0646, p. 11 (La. 1/19/05), 892 So.2d 1261, 1268. The *contra non valentem* doctrine only applies in "exceptional circumstances." *Renfroe v. State ex rel. Dept. of Transp. and Development,* 01-1646, p. 9 (La. 2/26/02), 809 So.2d 947, 953. A prerequisite for the fourth category of *contra non valentem* doctrine to apply is that "'the plaintiff's ignorance of his cause of action cannot be attributable to his own willfulness or neglect, as a plaintiff is deemed to know what he could have learned by reasonable diligence.'" *Morgan v. Entergy New Orleans, Inc.*, 16-1250, p. 5 (La. App. 4 Cir. 12/6/17), 234 So. 3d 113, 117 (quoting *Ferrara v. Starmed Staffing, LP*, 10-0589, pp. 6-7 (La. App. 4 Cir. 10/6/10), 50 So.3d 861, 866).

---

DHC, because those defendants were found not liable to the Finleys. *See Gioustover v. Progressive American Ins. Co.,* 561 So.2d 961, 964(La. App. 4th Cir. 1990) (observing that when no liability is found on the part of a timely sued alleged tortfeasor, prescription is not be interrupted as to a tortfeasor who is not timely sued because no joint or solidary obligation exists).

[3] The four categories of *contra non valentem* are as follows: (1) where there was some legal cause which prevented the courts or their officers from acting or taking cognizance of the plaintiff's action; (2) where there was some condition or matter coupled with the contract or connected with the proceedings which prevented the plaintiff from availing himself of his cause of action; (3) where the defendant has done some act effectually to prevent the plaintiff from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant. *Bayou Fleet, Inc. v. Bollinger Shipyards, Inc.*, 15-0487, pp. 12-13 (La. App. 4 Cir. 7/21/16), 197 So.3d 797, 806.

In *Morgan*, this court extensively addressed the Louisiana Supreme Court's *Renfroe* decision and compared *Renfroe* to this court's decision in *Ferrara*. In this writ opinion, we organize our analysis as follows. First, we summarize the *Renfroe* and *Ferrara* cases. Second, we summarize the comparison of those two cases that was done by this court in the *Morgan* decision. Finally, we apply the jurisprudential principles to the facts of the instant case.

### *Renfroe*

In *Renfroe*, the Louisiana Supreme Court found that the plaintiff did not act with reasonable diligence and, as such, the fourth category of *contra non valentem* did not apply. There, the plaintiff filed suit against the Department of Transportation and Development ("DOTD") only days before the one-year prescriptive period ended. The plaintiff alleged that DOTD was liable for his wife's death in an automobile accident because of its improper construction, maintenance, and design of Causeway Boulevard in Jefferson Parish. The DOTD, about three months after being sued, filed a partial summary judgment motion. In its motion, DOTD contended that Causeway Boulevard was not part of the state highway and, as such, it was not the proper defendant. By then, the prescriptive period had run. Thereafter, the plaintiff filed an amended petition adding Jefferson Parish and the GNOEC as the owners of the portion of Causeway Boulevard where the accident occurred. Those defendants responded by asserting a prescription exception.

The plaintiff, in *Renfroe*, argued that the fourth category of *contra non valentem* applied. In support, the plaintiff noted that the fact some party other than the DOTD owned or maintained the small stretch of Causeway Boulevard where his spouse was fatally injury was not reasonably knowable to the plaintiff. The

6

plaintiff contended that he exercised reasonable diligence in ascertaining the proper party defendants and was reasonable in believing that the portion of the roadway was owned and maintained by the DOTD. In support, the plaintiff cited the fact that the State Police investigated at the scene of the accident and that the signage on the roadway designated it as a state highway. *Renfroe*, 01-1646, p. 9, 809 So.2d at 953.

Rejecting the plaintiff's argument and granting the prescription exception, the Supreme Court found the circumstances presented in that case were not exceptional. *Renfroe*, 01-1646, p. 9, 809 So.2d at 953. In so finding the Supreme Court reasoned that "[w]hile it is indeed unusual that different unrelated parties would own and maintain different portions of one roadway, the fact that the portion of the roadway was owned by some party other that the DOTD was 'reasonably knowable' by the plaintiff within the prescriptive period." *Id.* For these reasons, the Supreme Court in *Renfroe* found that the doctrine of *contra non valentem* did not apply.

### *Ferrara*

In *Ferrara*, the alleged tortfeasor—a nurse and the third-party nursing agency for which she worked (collectively the "Nurse")—worked at Tulane University Medical Center ("Tulane"). After the prescription period ran, Tulane identified the Nurse in its discovery responses; and the plaintiff joined the Nurse as a defendant. In response, the Nurse filed an exception of prescription, which the trial court granted. Reversing, this court reasoned that the plaintiff could not reasonably have identified the Nurse until Tulane responded to the plaintiff's discovery requests and furnished the Nurse's identity. *Ferrara*, 10-0589, p. 9, 50 So.3d at 867. We explained that "[a]lthough in hindsight [the Nurse's] name in

7

handwritten form can be discerned from the nurses' notes located in the Tulane medical records, [the plaintiff] could not have reasonably identified the identity of [the Nurse] until Tulane responded to the discovery request and furnished their identity." *Ferrara*, 10-0589, pp. 8-9, 50 So.3d at 867. We, thus, found the trial court was manifestly erroneous in failing to find *contra non valentum* applied to interrupt prescription.

### This Court's Comparison of *Renfroe* and *Ferrara* in *Morgan*

In *Morgan*, we determined that the factual scenario before us was most similar to *Ferrara* rather than *Renfroe*. Rejecting the argument that *Renfroe* was controlling, we observed that "the determination of whether *contra non valentem* applies depends on the equitable nature of the particular circumstances in this case, which may vary from those in *Renfroe*." *Morgan*, 16-1250, p. 14, 234 So.3d at 121. Finding the particular circumstances and equities presented in *Renfroe* were distinguishable from those before us, we concluded that "Mr. Morgan's lack of knowledge was not attributable to his own willfulness or neglect, and that *contra non valentem* applies to interrupt prescription." *Morgan*, 16-1250, p. 15, 234 So.3d at 122.

In reaching this result, we emphasized that, in determining a plaintiff's reasonable diligence, the jurisprudence has relied upon a determination of whether a review of the public records would have revealed the identity of the owner or party responsible for the tortious conduct. *Morgan*, 16-1250, pp. 10-11, 234 So.3d at 119-20. Indeed, in *Morgan*, we cited this factor in distinguishing the circumstances there from those in *Renfroe*; we observed that "the plaintiff in *Renfroe* could have reasonably identified the owner of the tract of land through a search of the public land records, but did not do so." *Morgan*, 16-1250, p. 15, 234

8

So.3d at 121-22. In contrast, we reasoned that Mr. Morgan's actions were "reasonable given that there are no public records that would have revealed the identity of the owner or party responsible for the guy wire." *Morgan*, 16-1250, pp. 10-11, 234 So.3d at 119.

This court, in Morgan, also contrasted the circumstances before us with those in the following trio of cases:

- *Williams v. Holiday Inn Worldwide*, 02-0762, p. 5 (La. App. 4 Cir. 5/15/02), 816 So.2d 998, 1002, *overruled on other grounds*, *Glasgow v. PAR Minerals Corp.*,10-2011 (La. 5/10/11), 70 So.3d 765 (observing that plaintiff's delay in discovering the names of architect and construction company for hotel was not reasonable because the information was available in records of the City Office of Safety and Permits);

- *Richards v. Choice Hotels Int'l, Inc.*, 13-973, p. 7 (La. App 5 Cir. 5/21/14), 142 So.3d 249, 253 (observing that *contra non valentem* did not apply when true owner's identity was available in public records of Assessor's Office); and

- *Drake v. Sarpy Props., Inc.*, 01-1323, p. 7 (La. App. 5 Cir. 4/10/02), 817 So.2d 209, 213 (observing that plaintiff unreasonably relied on misrepresentations regarding ownership of property when the correct information was readily available and verifiable from the public records).

In all three cases, the appellate courts relied on the availability of information in the public records to find the *contra non valentum* doctrine did not apply. In contrast, in *Morgan*, we found the *contra non valentum* doctrine did apply given the unavailability of such information in the public records.

**Finleys' case**

The circumstances presented here are distinguishable from those presented in *Morgan* and *Fererra*, but analogous to those presented in *Renfroe*. Again, the jurisprudence has recognized that when the information a plaintiff needs to timely file suit is available in the public record, a plaintiff's inaction is unreasonable. *Morgan*, *supra*. Such is the case here.

The Finleys failed to demonstrate any efforts they took to confirm ownership of Christina's Nursing at the time of the April 2014 incident. Instead, they contend that they were unaware of the transfer of Christina's Nursing's ownership until Lakeland filed the bill of sale into the trial court record. According to the Finleys, it was a "private sale." But, the Finleys have failed to refute that such information was publicly available. Indeed, according to DHC, such information was publically available on the website [www.medicare.gov](www.medicare.gov), which provides nursing home information. Applying the jurisprudential principles summarized elsewhere in this writ opinion, we find that the required information—ownership of Christina's Nursing at the time of the April 2014 wrongful discharge incident—was available in the public records. As a result, the Finley's reliance on the *contra non valentum* doctrine is misplaced.

In sum, the Finleys failed to make a showing of reasonable diligence, which is a prerequisite to invoking the fourth category of *contra non valentum*. Stated otherwise, they have failed to satisfy their burden of showing that this is an "exceptional circumstance" warranting the application of the *contra non valentem* doctrine. *Renfroe*, 01-1646, p. 9, 809 So.2d at 953. Accordingly, we conclude that the trial court erred in finding the *contra non valentem* doctrine applies here.

## DECREE

For the foregoing reasons, Relator's writ is granted; the trial court's May 4, 2023 judgment is reversed; and judgment is rendered granting Relator's prescription exception and dismissing this case.

**WRIT GRANTED; REVERSED; AND JUDGMENT RENDERED**