708 So.2d 418 (1998)
Gwendolyn J. McDANIELS
v.
Dean ALLISON, Allison Real Estate Sales, Inc., A & M Investments, et al.
No. 97-CC-2572.
Supreme Court of Louisiana.
April 9, 1998.

ON REHEARING
PER CURIAM.[*]
After reconsidering our ruling made on January 9, 1998, we revise that ruling as follows. Plaintiff alleged in her amended petition that there was a single injury to her children for which all defendants are jointly liable. Where the allegations in the petition have not been contradicted in the hearing on the exception of prescription, a court must look to see whether the alleged facts, if accepted as true, are sufficient on their face to establish that the timely sued defendant and the untimely sued defendant are jointly liable. If so, then the plaintiff has met her burden of proving an interruption of prescription based on solidary liability. Younger v. Marshall Industries, 618 So.2d 866 (La.1993). The court of appeal reversed the trial court's ruling and held that the facts as alleged were insufficient on their face to establish solidary liability. We reverse the judgment of the court of appeal and reinstate the judgment of the trial court denying the exception of prescription at this time. However, if, after trial on the merits, it turns out that under the facts proven by plaintiff there is no solidary liability because the timely filed defendant is not found liable to plaintiff at all, or that there is no single injury for which all defendants are jointly liable, then defendant may re-raise the exception of prescription. Case remanded to the trial court for further proceedings.
NOTES
[*] Lemmon, J., not on panel, recused. Rule IV, Part 2, § 3.