# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-64


**MITCHELL S. GLASGOW,  ET AL.**

**VERSUS**

**PAR MINERALS CORPORATION, ET AL.**


**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. 2008430
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE

**********

## JOHN D. SAUNDERS
## JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**Pickett, J., dissents and assigns written reasons.**

**Michael Wayne Adley**
**Judice and Adley**
**P. O. Drawer 51769**
**Lafayette, LA 70505-1769**
**(337) 235-2405**
**Counsel for Defendant/Appellee:**
**PAR Minerals Corporation**
**Chubb Custom Insurance Company**

**Steven Eric Soileau**
**Mayer, Smith & Roberts, L.L.P.**
**1550 Creswell Avenue**
**Shreveport, LA 71101**
**(318) 222-2135**
**Counsel for Defendant/Appellee:**
**Colony Insurance Company**
**Pipe Services Unlimited, Inc.**

**Randall Earl Hart**
**Attorney at Law**
**1301 Common St.**
**Lake Charles, LA 70601**
**(337) 439-2450**
**Counsel for Plaintiff/Appellant:**
**Mitchell S. Glasgow**
**Karen Glasgow**

**Gordon Van Greig**
**LeBas Law Offices**
**201 Rue Iberville, Ste 600**
**Lafayette, LA 70508**
**(337) 236-5500**
**Counsel for Intervenor/Appellee:**
**The Gray Insurance Company**

**SAUNDERS, Judge.**

Herein, we address whether a suit instituted by the Appellant, Mitchell Glascow, against his statutory employer, PAR Minerals, Inc. (PAR), interrupted prescription as to the Appellee, Pipe Services Unlimited, Inc. (Pipe Services). We find that it did not, and we affirm the ruling of the trial court.

**FACTS AND PROCEDURAL HISTORY:**

The case before us arises out of an oilfield explosion and fire at a wellsite near Kinder, Louisiana in September of 2007. The Appellant, a direct employee of Therral Story Well Service (TSWS), sustained severe burns in the fire.

PAR entered into a contract to undertake the drilling of a well for oil and gas operations. It in turn contracted some of the drilling work to TSWS and Pipe Services. On September 4, 2008, the Appellant filed a tort suit against PAR as the sole defendant. This original petition alleged that Avery Graves was the on-site supervisor for PAR. Appellant mistakenly believed that Graves was an employee of PAR when, in fact, he was the president and sole-shareholder of Pipe Services. Appellant would, thereafter, file two supplemental and amended petitions where PAR remained the sole defendant named. It was not until May 4, 2009, that the Appellant filed a third supplemental and amended petition where Pipe Services was added as a defendant along with its insurer, Colony Insurance Company, and PAR.

In June of 2009, PAR filed a motion for summary judgment seeking dismissal from the suit on the grounds that it was Appellant's statutory employer, thereby enjoying tort immunity. The trial court granted the motion and dismissed PAR from the suit as a statutory employer. Pipe Services followed by filing an exception of prescription. It asserted that the Appellant was required to file his tort claim within one year of the time of the accident and that more than one year had elapsed between

the time of the accident in September of 2007, and the time the third amended petition in May of 2009. The Appellant countered this argument by claiming that prescription had been interrupted against Pipe Services when the initial lawsuit was filed against PAR. On December 9, 2009, the trial court sustained the exception of prescription. It is from this judgment that the Appellant now appeals.

**APPELLANT'S ASSIGNMENTS OR ERROR:**

1. The trial court erred when it decided that [Appellant's] timely tort suit against PAR, a statutory employer, failed to interrupt prescription as to other solidary obligors.

2. The trial court erred in granting Pipe Services' exception of prescription.

**LAW AND DISCUSSION ON THE MERITS:**

Before we address the merits of the case, the court notes that the Appellant has arguably mistakenly appealed the wrong judgment. In its motion and order for devolutive appeal, the Appellant states that he has been aggrieved by the ruling rendered and signed on December 28, 2009, and that he wishes "to devolutively appeal the Court's ruling, which granted defendant's, Pipe Services Unlimited's, exception of prescription." We note, however, that the ruling signed on December 28, 2009, did not address the issue of prescription. Instead, it sustained an exception of improper venue and transferred this case to the 26th Judicial District Court of Bossier Parish. The ruling sustaining the exception of prescription was rendered and signed on December 5, 2009.

We find this problem to be resolved by our supreme court's ruling in the case of *Kirkby-Natus Corp. v. Campbell*, 199 So.2d 904 (La.1967), as it seems to be directly on point.

In *Kirkby-Natus*, the defendant had a money judgment of $414,200.00 rendered

against him on March 25, 1965. He moved for a new trial, and the motion for new trial was denied on July 6, 1965. Thereafter, the defendant perfected a devolutive appeal noting that he was appealing the judgment taken against him on the 6th day of July, 1965. This, of course, was the judgment denying the motion for new trial—not an appealable judgment. The preamble to the appeal bond stated that appeal was against the judgment rendered by the trial court in the amount of $414,200.00, clearly indicating the defendant's intent to appeal the money judgment.

On these nearly identical facts, the court stated the following:

> On many occasions in our jurisprudence we have declared that appeals are favored by the courts; that they should be dismissed only for substantial causes; and that unless the grounds urged for dismissal are free from doubt appeals will be maintained. See *Emmons v. Agricultural Insurance Company et al.*, 245 La. 411, 158 So.2d 594 and the cases cited therein. With these principles in mind we have considered the circumstances surrounding the taking of the appeal involved here, and we have concluded that the defendant is correct in his assertion that he intended to, and did, appeal from the March 25, 1965 judgment.

> . . . .

> Finally, both the Appellant and the appellee treated the appeal as one taken from the March judgment which became final in July. Both briefed and argued the case in the Court of Appeal on its merits. No motion to dismiss was ever filed by the appellee. Nor was the alleged defect ever mentioned until the rendition of that court's judgment.

> Under the circumstances it is obvious to us that it was not the intention of the defendant to appeal from the judgment overruling his motion for a new trial. Rather, it is apparent that the allegation in the petition relating to the judgment rendered on July 6, 1965 was an inadvertent error which was neither misleading nor prejudicial to to [sic] anyone involved in the litigation.

*Id*. at 905-06.

In both cases, we see that the appellant was clearly intending to appeal from a judgment different from the one identified in the petition for appeal, each of the

parties treated the appeal as if it were taken against the intended judgment, and it is apparent that the error was neither misleading nor prejudicial to either party.

After considering the supreme court's holding in *Kirkby-Natus*, this court finds that the Appellant's motion and order for appeal was sufficient, and we will continue with our analysis on the merits of the case.

Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. La.Civ.Code art. 3492. Prescription is interrupted by the filing of suit in a court of competent jurisdiction. La.Civ.Code art. 3462. "When prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors." La.Civ.Code art. 3503.

In the matter before us, because the Appellant's suit was brought against Pipe Services more than one year after the date of the accident, the action has prescribed on its face. As such, the burden of proving that the one-year prescriptive period was interrupted must be carried by the Appellant. *Lima v. Schmidt*, 595 So.2d 624 (La.1992).

The Appellant's central argument in the matter is that by filing a tort suit against his statutory employer, PAR, the running of prescription in favor of Pipe Services was interrupted. Despite the Appellant's best efforts to show otherwise, principally by citing to *Williams v. Sewerage & Water Board of New Orleans*, 611 So.2d 1383 (La.1993), there is no jurisprudential basis supporting this position.

In *Williams*, an employee of the Sewerage & Water Board of New Orleans was electrocuted and killed when a crane that he was touching came into contact with an overhead power line. The successors of the employee filed a workers' compensation

suit against the employer and later, after prescription had run, amended the petition to add the manufacturer of the crane. When the suit against the employer was dismissed by the court, the manufacturer followed by filing an exception of prescription. Ultimately, the exception was denied by the supreme court, who held that "a suit timely filed against the employer for worker's compensation interrupted prescription as to the subsequent claim against the third party tort-feasor for damages." *Id*. at 1390.

The Appellant argues that the situation in *Williams* is analogous to the current matter and that prescription has been interrupted as to Pipe Services. We disagree. While the facts in *Williams* are similar to the matter at hand, one significant difference exists in that the Appellant's suit against PAR was based in tort, not workers' compensation. In the wake of the supreme court's decision in *Williams*, our state's jurisprudence—most notably in *Keller v. McLeod*, 03-267 (La.App. 3 Cir 2/11/04), 866 So.2d 388, *writ denied*, 04-627 (La. 5/21/04), 874 So.2d 173; *Layman v. City of New Orleans*, 98-705 (La.App. 4 Cir. 12/9/98), 753 So.2d 254; and *Williams v. Holiday Inn Worldwide*, 02-762 (La.App. 4 Cir. 5/15/02), 816 So.2d 998, *writs denied*, 02-2116 (La. 10/14/02), 827 So.2d 408, 02-1875 (La. 10/14/02), 827 So.2d 426, 02-1906 (La. 10/14/02), 827 So.2d 427, 02-1983 (La. 10/14/02), 827 So.2d 428—has overwhelmingly held that a tort suit filed against a statutorily immune employer does not interrupt prescription as to third party tort-feasors.

In *Keller*, 866 So.2d 388, this court addressed issues nearly identical to the present case. The plaintiff was injured in an accident that occurred at the Hercules, Inc. plant in October of 1996. He timely filed a tort suit against Load Right Timber Sales within a year from the date of the accident. After the one year prescriptive

period had passed, the plaintiff amended the petition to add Hercules as a defendant. Thereafter, Load Right obtained a directed verdict from the trial court dismissing it from the suit on the grounds that it was immune from liability as a statutory employer. Hercules then filed a peremptory exception of prescription, and the exception was granted by the trial court. On appeal, the plaintiff argued that the trial court erred in granting the peremptory exception and that prescription had been interrupted by the filing of suit against Load Right. This court held that a tort suit filed against an immune statutory employer does not interrupt prescription against later sued defendants.

> [L]oad Right was dismissed with prejudice from the tort suit as being the statutory employer of Mr. Keller, it is not solidarily liable with Hercules. Mr. Keller did not file an action for workers' compensation benefits against Load Right and therefore has no other remedies against Load Right. Load Right, therefore, is not liable to Mr. Keller for any of his damages, and, as a result, the suit against Load Right did not interrupt prescription as to Hercules.

*Id.* at 394.

In *Layman*, 753 So.2d 254, the plaintiff was injured in a fall from a partition while working for the New Orleans Convention Center. He initially brought suit against the City of New Orleans and the Convention Center. Four years later, he amended the petition to add Hufcor, the company that installed the partition, as a defendant. The City of New Orleans was later dismissed from the suit, and it was also determined that the Convention Center, as the plaintiff's employer, was immune from liability in the tort suit. Hufcor filed an exception of prescription, and the exception was sustained by the trial court. On appeal, the court found that because no workers' compensation action had been brought against the Convention Center, and because no cause of action existed under tort law, no solidary liability existed

-6-

between the Convention Center and Hufcor. Accordingly, prescription was not interrupted as to Hufcor when the tort suit was filed against the statutorily immune Convention Center.

In *Holiday Inn Worldwide*, 816 So.2d 998, the plaintiff, a security guard, was injured while working at the Holiday Inn Crowne Plaza. The plaintiff timely filed suit against Holiday Inn Worldwide, later amending the suit to substitute Bristol Hotel Company for Holiday Inn Worldwide. Over one year after the date of the accident, the plaintiff amended the petition to add the building's architect and contractor as a defendants. After Bristol Hotel Company was dismissed from the suit based on statutory immunity as the plaintiff's employer, the remaining defendants filed exceptions of prescription. The trial court denied the exceptions, and the Fourth Circuit Court of Appeals granted supervisory writs. The appellate court held that because the statutory employer was dismissed from the tort based suit and there was no action brought for workers' compensation, there was no solidary liability and prescription was not interrupted.

The same rationale that was applied in *Keller*, *Layman*, and *Holiday Inn Worldwide* is now clearly applicable to the case before us today. PAR was determined to be the Appellant's statutory employer and was later dismissed from the suit when the trial court granted its motion for summary judgment. No workers' compensation action was ever brought against PAR. Accordingly, the tort suit filed against PAR does not interrupt prescription as to Pipe Services. Furthermore, because PAR was immune from liability based in tort, no solidary liability existed between Pipe Services and PAR.

Based upon our determination that prescription was not interrupted by the suit

filed against PAR, and based upon the approximate twenty-month period that elapsed between the time of the accident and the filing of suit against Pipe Services, we find that the trial court was correct in sustaining Pipe Services' exception of prescription.

**CONCLUSION:**

For the foregoing reasons, we find that the trial court was correct in sustaining Pipe Services exception of prescription. Therefore, we find that the Appellant's assignments of error are without merit, and we affirm the ruling of the trial court. All costs of this appeal are, hereby, assessed to the Appellant.

**AFFIRMED.**

MITCHELL S. GLASGOW, ET AL.

VERSUS

PAR MINERALS CORPORATION, ET AL.


**PICKETT, Judge, dissenting:**

The plaintiffs, Mitchell S. and Karen Glasgow, individually, and Mitchell S. Glasgow as the administrator of the estate of his minor son, Michael Glasgow, appeal a judgment of the trial court signed December 28, 2009. For the following reasons, I would dismiss the appeal.

In their "Motion and Order for Devolutive Appeal" the plaintiffs state "that they are aggrieved by the ruling rendered in this case, ***signed on December 28, 2009***, that they desire to devolutively appeal the Court's ruling, which granted defendant's, Pipe Services Unlimited's, exception of prescription." (Emphasis mine). Although mentioning the prescription issue, the judgment of December 28, 2009 did not rule on that matter. Rather, the judgment of December 28, 2009, sustained an exception if improper venue and transferred this case to the 26th Judicial District Court of Bossier Parish.

There was a judgment rendered and signed on December 7, 2009, which granted defendant's, Pipe Services Unlimited's, exception of prescription, but that judgment was not appealed and is now final. Thus, as per the judgment of December 7, 2009, this case has been dismissed as prescribed.