70 So.3d 765 (2011)
Mitchell S. GLASGOW, Et Al.
v.
PAR MINERALS CORPORATION, Et Al.
No. 2010-C-2011.
Supreme Court of Louisiana.
May 10, 2011.
Dissenting and Concurring Opinions on Denial of Rehearing July 14, 2011.
Broussard & Hart, LLC, Randall Earl Hart, Lake Charles, LA, for Applicant.
Lebas Law Offices, APLC, Gordon Van Greig, Mayer, Smith & Roberts, LLP, Steven Eric Soilleau, Shreveport, LA, for Respondent.
WEIMER, Justice.
We granted certiorari in this case to determine whether a lawsuit against a *766 worker's statutory employer can interrupt prescription against an alleged third-party tortfeasor. Answering that inquiry in the affirmative, we find that the lower courts erred in sustaining the alleged third-party tortfeasor's exception of prescription. Accordingly, we reverse the decisions of both lower courts and remand this matter to the district court for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY
This case arises from a fire at an oil well site which left Mitchell Glasgow severely burned. The oil well accident occurred on September 27, 2007.
At the time, Mr. Glasgow was directly employed by Therral Story Well Service (TSWS). Mineral owners had contracted with another company, PAR Minerals, Inc., to produce oil and gas. In turn, PAR Minerals contracted with Mr. Glasgow's direct employer, TSWS, to drill a well. PAR Minerals also contracted with Pipe Services Unlimited, Inc. to complete the well.
Mr. Glasgow filed a tort suit against PAR Minerals and its insurer on September 4, 2008. According to Mr. Glasgow's original petition, during drilling operations, the well penetrated into formations that were pressurized with hydrocarbons. Mr. Glasgow was circulating water through the well while awaiting heavier drilling mud to be pumped into the well to control the hydrocarbon pressure. Mr. Glasgow's direct supervisor, a TSWS employee, told Mr. Glasgow to stand away from the well because the pressure was dangerous. But, PAR Minerals' "on-site supervisor ... countermanded that order, and told Petitioner GLASGOW to get on his station at the pump, and to abandon his station only after shutting the pump off should the gas escape the well. Petitioner followed Defendant PAR's orders." Then, "after only a few more minutes, hydrocarbon gas from down-hole escaped from the water tank sufficiently so that it ignited as Petitioner was attempting to shut off the pump. The ignited hydrocarbon gas cloud set Petitioner MITCHELL GLASGOW on fire."
On September 10, 2008, less than one year after the well accident, service of process of the lawsuit was made on PAR Minerals. During discovery, Mr. Glasgow learned that the person he believed was "PAR's on-site supervisor" was actually an independent contractor employed by the contractor's own corporation, Pipe Services, Inc. On May 4, 2009, Mr. Glasgow named Pipe Services as a defendant in a supplemental and amended petition.
At the time Pipe Services was named as a defendant, Mr. Glasgow was receiving workers' compensation benefits from his direct employer, TSWS.
On June 17, 2009, PAR Minerals filed a motion for summary judgment. PAR Minerals alleged that it was Mr. Glasgow's "statutory employer" under LSA-R.S. 23:1061. Because a statutory employer is immune from tort liability, argued PAR Minerals, it should be dismissed from Mr. Glasgow's tort lawsuit.
The district court granted PAR Minerals' motion,[1] and dismissed PAR Minerals from the lawsuit. Though there are no extensive reasons in the record, the district court apparently agreed (and the parties do not now dispute) that PAR Minerals was Mr. Glasgow's statutory employer.
*767 Shortly after the district court granted PAR Minerals' motion for summary judgment, Pipe Services filed an exception of prescription. In its exception, Pipe Services cited the fact that the district court found PAR Minerals to be "the statutory employer of Mitchell Glasgow, and [to be] immune from tort liability." Citing also the fact that Pipe Services was not named as a defendant until more than a year after the accident, Pipe Services argued that based on PAR Minerals being "immune from tort liability," that "[t]here was no timely suit against a joint tortfeasor to interrupt prescription and plaintiffs' claims have thus prescribed." In other words, because Mr. Glasgow named Pipe Services as a defendant more than one year from his accident, the general prescriptive period of one year now rendered Mr. Glasgow's claims against Pipe Services untimely. Prescription could not be interrupted for Mr. Glasgow's claim against Pipe Services under the principle that timely suit against one tortfeasor (here PAR Minerals) interrupts prescription against another tortfeasor (here Pipe Services), given that the district court had ruled that PAR Minerals was immune from a suit in tort.
The district court agreed, ruling that Mr. Glasgow's claim against Pipe Services was prescribed. Mr. Glasgow appealed.
A majority of a panel of the Court of Appeal, Third Circuit, affirmed the judgment of the district court. Glasgow v. PAR Minerals Corp., 2010-64 (La.App. 3 Cir. 7/28/10), 43 So.3d 1093. The majority held that Mr. Glasgow's petition was prescribed on its face; that prescription was not interrupted as to Pipe Services because Pipe Services was not solidarily liable with PAR Minerals as "[n]o workers' compensation action was ever brought against PAR." Glasgow, 2010-64 at 4, 7, 43 So.2d at 1096, 1097-1098. The majority further held that "because PAR was immune from liability based in tort, no solidary liability existed between Pipe Services and PAR." Id., 2010-64 at 7, 43 So.3d at 1098.
One member of the appellate court panel dissented. Judge Pickett observed that Mr. Glasgow's "Motion and Order for Devolutive Appeal" identified a ruling signed on December 28, 2009, as the basis for the appeal. That ruling was a venue ruling, Judge Pickett noted, but the ruling on prescription was a different ruling altogether and was signed on December 7, 2009. Judge Pickett would have dismissed the appeal because the motion did not identify the prescription judgment that Mr. Glasgow briefed as being in error. Glasgow, 2010-64 at 1, 43 So.3d at 1098 (Pickett, J. dissenting).[2]
We granted certiorari to address Mr. Glasgow's contention that because he filed suit against a solidary obligor and effected service within the prescriptive period against that obligor, prescription was thus interrupted against another solidary obligor, and his lawsuit should not have been dismissed as untimely.[3]

*768 LAW AND DISCUSSION
A lawsuit for personal injury is subject to a one-year period of liberative prescription, following the date of accident, pursuant to LSA-C.C. art. 3492. According to Mr. Glasgow's petition, the accident that gave rise to Mr. Glasgow's injuries occurred on September 27, 2007. By a supplemental and amending petition, Mr. Glasgow named Pipe Services as a defendant on May 4, 2009, more than one year later. As a result, the supplemental and amending petition on its face revealed that prescription had run, and it was Mr. Glasgow's burden to demonstrate why his claim had not prescribed. Denoux v. Vessel Management Services, Inc., 07-2143, p. 5 (La.5/21/08), 983 So.2d 84, 88; Lima v. Schmidt, 595 So.2d 624, 628 (La.1992).
The jurisprudence recognizes three theories upon which a plaintiff may rely to establish that prescription has not run: suspension, interruption, and renunciation. Lima, 595 So.2d at 628. In this case, Mr. Glasgow relies upon the theory of interruption to argue that his claim is not prescribed.
Mr. Glasgow's theory of interruption is based upon two provisions of the Civil Code. The first, LSA-C.C. art. 3462, in pertinent part, provides:
If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
Indisputably, the latter part of Article 3462 is met here because Mr. Glasgow filed suit against and effected service upon PAR Minerals within the one-year prescriptive period. The parties are not, however, in apparent agreement on the initial threshold excerpted above, i.e., the commencement of a lawsuit "in an incompetent court." This case calls upon us to determine whether commencing a tort lawsuit against a party that is immune from tort liability satisfies this threshold. Guided by civilian methodology, we find this threshold met.
Civilian methodology and the Louisiana Civil Code instruct that the sources of law are legislation and custom, and that legislation is the superior source of law. LSA-C.C. arts. 1, 3. Legislation, which is defined as the solemn expression of legislative will, LSA-C.C. art. 2, is to be interpreted according to the rules set forth in the Civil Code. Chief among those rules is the admonition in LSA-C.C. art. 9 that "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." Additionally, LSA-C.C. art. 11 instructs that "[t]he words of a law must be given their generally prevailing meaning."
In our analysis of the meaning of the term "an incompetent court," we initially note that the term is cast in the negative and the term is not defined in the Civil Code or in the Code of Civil Procedure. The opposite term, cast in the positive, i.e. "competent court," is defined in the Code of Civil Procedure: "`Competent court', or `court of competent jurisdiction', means a court which has jurisdiction over the subject matter of, and is the proper venue for, the action or proceeding." LSA-C.C.P. art. 5251. By inference, an "incompetent *769 court" certainly means a court lacking subject matter jurisdiction, because LSA-C.C.P. art. 5251 lists subject matter jurisdiction among the requirements for being competent. But because this meaning is supplied by inference, and because the Civil Code itself does not define either a competent court or an incompetent court, the term we are called upon here to apply ("incompetent court") may have a broader meaning than simply referring to a court lacking subject matter jurisdiction.
We leave the full breadth of the term "incompetent court" for determination another day. For this case, it is sufficient for us to observe as a "generally prevailing meaning" called for by LSA-C.C. art. 11 that the district court would not have been competent to render a tort judgment against a party that is immune from tort. The legislature has removed the possibility of a tort remedy against statutory employers. See LSA-R.S. 23:1032(A) ("compensation under this Chapter, shall be exclusive of all other rights, remedies and claims for damages"). As a matter of plain meaning, "incompetent" is defined as "not qualified to act in a particular capacity." NEW OXFORD AMERICAN DICTIONARY 880 (3rd ed.2010). Our state constitution also underscores that a district court would be incompetent to render the only remedy available from a statutory employer, because only the Office of Workers' Compensation is qualified in the first instance to award the exclusive remedy of worker's compensation benefits. See La. Const. art. V, § 16(A).
By commencing a tort lawsuit against and effectuating service upon PAR Minerals within the prescriptive period of one year, Mr. Glasgow thereby successfully interrupted prescription as to PAR Minerals even though PAR Minerals ultimately proved to be immune to a tort claim. But interrupting prescription as to PAR Minerals does not render timely the claim against Pipe Services, a claim which was added more than one year after Mr. Glasgow's accident, unless the law makes the interruption effective as to Pipe Services also.
Mr. Glasgow, therefore, turns a second time to the Civil Code, and argues that the Civil Code's treatment of solidary obligors transfers the interruption of prescription effective for his claim against PAR Minerals directly to his claim against Pipe Services. We agree.
In pertinent part, LSA-C.C. art. 1799 provides: "The interruption of prescription against one solidary obligor is effective against all solidary obligors." The Civil Code restates this provision in LSA-C.C. art. 3503: "When prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors." This court has already interpreted LSA-C.C. arts. 1799 and 3503 to apply to the situation when a first party sued is liable for workers' compensation benefits (and is immune from tort liability), but a party later sued is allegedly liable in tort. See Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383 (La.1993).
In Williams, this court explained that obligors are solidary when "each ... is `obliged to the same thing.'" Williams, 611 So.2d at 1387, quoting Hoefly v. Government Employees Insurance Co., 418 So.2d 575, 576 (La.1982). A defendant obligated for workers' compensation benefits because the defendant is an employer is a solidary obligor along with an alleged tortfeasor: "In a worker's compensation claim where the employee does not suffer a fatal injury, some elements of compensation damages are the same as those which may be recovered as tort damages, i.e. lost wages and medical expenses." Williams, 611 So.2d at 1387. Even though workers' compensation and tort remedies have different *770 legislative sources,[4] that does not alter the solidary relationship between a defendant with employer status and a defendant that is an alleged tortfeasor. "`It is the coextensiveness of the obligations for the same debt, and not the source of liability, that determines the solidarity of the obligation.' Thus, to the extent that the worker's compensation death benefits and the wrongful death and survival provisions overlap, [the employer] and [alleged tortfeasor] are obligated to the same thing even though the obligations arise from different sources." Williams, 611 So.2d at 1388, quoting Narcise v. Illinois Central Gulf Railroad Co., 427 So.2d 1192, 1195 (La.1983).
Pipe Services argues that this case is distinguishable from Williams such that no solidary relationship can exist between Pipe Services and PAR Minerals. Pipe Services emphasizes that workers' compensation benefits have been voluntarily provided by Mr. Glasgow's direct employer, TSWS, and that there has been no lawsuit against PAR Minerals for workers' compensation benefits. Pipe Services argues that the fact that benefits have been paid voluntarily and the fact there has been no lawsuit for compensation benefits render Williams inapplicable under this pronouncement: "we hold a suit timely filed against the employer for workers' compensation interrupted the prescription as to the subsequent claim against the third party tort-feasor for damages." Williams, 611 So.2d at 1390.
The language just quoted reflected the facts and procedural posture before us in Williams, as there was a lawsuit for workers' compensation benefits.[5] Notwithstanding, Pipe Services' argument would have us ignore the reasoning of Williams, which bears repeating here because it applies with greater force in this case than when we first said it: "It is the coextensiveness of the obligations for the same debt, and not the source of liability, that determines the solidarity of the obligation." Williams, 611 So.2d at 1388, quoting Narcise v. Illinois Central Gulf Railroad Co., 427 So.2d 1192, 1195 (La. 1983) (emphasis added).
This reasoning now applies with greater force because the year after this court, in Narcise, ruled that the source of liability was immaterial for establishing solidary liability, the legislature promoted that ruling to an article of the Civil Code: "An obligation may be solidary though it derives from a different source for each obligor." LSA-C.C. art. 1797 (1984 La. Acts No. 331, § 1). See also LSA-C.C. art. 1797, cmt. (a) "This Article is new. It restates a principle developed by the Louisiana jurisprudence." Therefore, whether the source of the obligation was voluntary or not, the fact that an obligation existed to provide workers' compensation benefits meant that for purposes of prescription, the alleged tortfeasor and the employer were solidary obligors.[6]
*771 Pipe Services also argues that Williams should be overruled, because an amendment to La. Const. art. V, § 16(A), effective after the events in Williams, now provides for workers' compensation claims to be brought, not in a district court (as was the case in Williams), but in the Office of Workers' Compensation. In brief, Pipe Services further argues: "There are no workers' compensation `lawsuits'.... The workers' compensation `claim', a.k.a. the 1008, is filed at an administrative office and not a courthouse. This court should reconsider the opinion of Ad Hoc Justice Shortess in Williams v. Sewerage & Water Board of New Orleans. It no longer is viable in light of the fact the workers' compensation claims are not filed in court. Williams should be overruled."
We find this argument also relies on distinguishing "the source of the obligation" as a rationale to thwart solidary liability. Though Pipe Services does not explain why it should matter here, Pipe Services's argument suggests that there is some inherent difference between an obligation arising from adjudication by a district court, and an obligation arising from adjudication by an administrative agency. Aside from observing a lack of support for this argument, we find Pipe Services' argument to be inconsistent with the law of solidary liability. See LSA-C.C. art. 1797 ("An obligation may be solidary though it derives from a different source for each obligor."). Given that Article 1797 has been retained in the Civil Code, Pipe Services fails to persuade that the legislature intended to change the nature of solidary liability when the legislature proposed and the voters amended La. Const. art. V, § 16(A) to allow workers' compensation claims to be brought before an administrative agency instead of a court.
Contrary to Pipe Services' argument, it is also of no moment that Mr. Glasgow's petition enumerates tort damages rather than workers' compensation benefits. "Louisiana has chosen a system of fact pleading.... Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition." Wright v. Louisiana Power & Light, 2006-1181, p. 15 (La.3/9/07), 951 So.2d 1058, 1069, citing LSA-C.C.P. art. 854, cmt. (a); Montalvo v. Sondes, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131; and Kizer v. Lilly, 471 So.2d 716, 719 (La.1985).
We decline, therefore, to overrule Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383 (La.1993). However, from the well-worn course Williams has traveled in the jurisprudence, three panels of the courts of appeal have deviated by distinguishing Williams in a manner inconsistent with our holding here.
In Keller v. McLeod, 2003-267 (La.App. 3 Cir. 2/11/04) 866 So.2d 388, plaintiff sued a statutory employer in tort but "did not file an action for workers' compensation benefits against [the statutory employer] and therefore [plaintiff] has no other remedies against [the statutory employer];" consequently, the court found no solidary liability and no interruption of prescription. In Williams v. Holiday Inn Worldwide, 2002-0762 p. 3 (La.App. 4 Cir. 5/15/02), 816 So.2d 998, 1001, plaintiff filed a tort suit against a statutory employer. Similar to the court in Keller, the court in Holiday Inn Worldwide reasoned that because there was no compensation lawsuit, *772 there was no solidary relationship with an alleged tortfeasor and no interruption of prescription. Id., 2002-0762 p. 3, 816 So.2d at 1001. The court similarly found no interruption of prescription in Layman v. City of New Orleans, 1998-0705, p. 3 (La.App. 4 Cir. 12/9/98) 753 So.2d 254, 256, because plaintiff "sued only for negligence damages. He did not sue for worker's compensation benefits."
In our review of these three cases, we find that the courts imposed pleading requirements which are inconsistent with Louisiana's rules of pleading, or otherwise failed to recognize a solidary relationship by drawing a distinction between liability derived from workers' compensation and liability derived from tort. The rulings of these courts are, therefore, contrary to LSA-C.C. art. 1797 ("An obligation may be solidary though it derives from a different source for each obligor."). We overrule them here. Indeed, as in Williams itself, civilian methodology and the Civil Code again compel us to reject the proposition "that parties cannot be solidarily liable unless their liability is based upon the same cause of action" and we likewise affirm the principle that for purposes of prescription, parties "are solidarily liable to the extent that they share coextensive liability to repair certain elements of the same damage." Williams, 611 So.2d at 1389.

CONCLUSION
The Civil Code provides a two-part formula for interrupting prescription in this situation: 1) a timely lawsuit (and service, if in an incompetent court; see LSA-C.C. art. 3462); and 2) a solidary relationship between a party sued within the prescriptive period and a party not sued within the prescriptive period (see LSA-C.C. art. 1799 or art. 3503). The procedural posture here is comparable to that in Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383 (La.1993), except that in Williams, the suit in district court was for workers' compensation and the suit was brought against a direct employer rather than a statutory employer. The procedural distinctions here are without a difference, because LSA-C.C. art. 1797 provides that the source of the solidary relationship is immaterial. For this reason, to the extent Keller v. McLeod, 2003-267 (La.App. 3 Cir. 2/11/04), 866 So.2d 388; Williams v. Holiday Inn Worldwide, 2002-0762 (La.App. 4 Cir. 5/15/02), 816 So.2d 998; and Layman v. City of New Orleans, 1998-0705 (La.App. 4 Cir. 12/9/98), 753 So.2d 254, are inconsistent with the conclusion that a timely lawsuit (and service, if in an incompetent court) against a principal or statutory employer interrupts prescription as to a third-party alleged tortfeasor, those cases are overruled. In the instant case, we find both parts of the formula provided by the Civil Code for interrupting prescription have been met; the lower courts erred in sustaining the alleged third-party tortfeasor's exception of prescription. Accordingly, we reverse the decisions of both lower courts and remand this matter to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
VICTORY, J., dissents and assigns reasons.
GUIDRY, J., dissents and assigns reasons.
CLARK, J., dissents for reasons assigned by Justice VICTORY.
VICTORY, J., dissenting.
I dissent from the majority's holding that the timely filing of a tort suit against a party that is later dismissed as the plaintiff's *773 statutory employer interrupts prescription against an alleged third party tortfeasor. It is well-established that a suit that is timely filed against a defendant who is not liable does not interrupt prescription against other defendants who were sued too late. Vicknair v. Hibernia Building Corp., 479 So.2d 904 (La.1985). Here, the party that was timely sued is not liable in tort because it was the plaintiff's statutory employer; thus, the timely filed suit against it does not interrupt prescription as to the defendant who was sued too late.
Further, I strongly disagree that the holding of Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383 (La. 1993) applies to interrupt prescription as to the late-filed defendant. In Williams, the plaintiff timely filed a workers compensation suit, and the Court held this interrupted prescription as to a subsequent claim against a third party for tort damages. First, Williams is distinguishable because here there was no timely filed workers' compensation case against the employer, there was only a tort suit which was dismissed. Secondly, I disagree with the holding of Williams because it was based on faulty reasoning. The Court in Williams relied on Hoefly v. Government Employees Insurance Co., 418 So.2d 575 (La.1982) to hold that the workers' compensation lawsuit interrupted suit on the tort claim because the defendants were solidarily liable. However, Hoefly actually held that solidarity exists where (1) each defendant is obligated to the same thing; (2) each obligor is liable for the whole performance; and (3) payment by one solidary obligor exonerates the other obligor as to the creditor. It is beyond cavil that payment of workers' compensation benefits by the employer would not exonerate the tortfeasor as to the payment of tort damages to the plaintiff.
Finally, in my view Williams is not viable anymore because workers' compensation claims are no longer filed in the district court, but are instead administrative proceedings filed at an Office of Workers' Compensation. These proceedings are not a matter of public record and notice of the claim is not given to anyone except the defendant employer. Thus, the third party tortfeasor would have no notice of the timely filed workers' compensation claim.
For the above reasons, I respectfully dissent.
GUIDRY, Justice dissents with reasons.
In my view, Williams v. Sewerage & Water Board of New Orleans, 611 So.2d 1383 (La.1993) is not controlling. In Williams, the plaintiff filed both tort and worker's compensation claims against the timely sued defendant. Following the addition of other solidarily liable defendants after the one year prescriptive period had run, and the dismissal of the original tort claims, the worker's compensation claim against at least one of the original defendants continued. In this case, after PAR Minerals was dismissed from the tort suit, the plaintiff did not file a worker's compensation claim. Suit against the timely sued defendant did not continue and, consequently, the interruption of prescription is considered never to have occurred. La. C.C. art. 3463. Accordingly, I would affirm the court of appeal decision.
CLARK, J., dissenting.
I dissent for the reasons assigned by Justice Victory.
Application for rehearing denied.
VICTORY, J., dissenting from the denial of rehearing.
I dissent from the denial of rehearing for the same reasons stated in my original *774 dissentmainly, the employer and third party tortfeasor are not solidary obligors because they are not each liable for the whole performance. La. C.C. art. 1794 ("An obligation is solidary for the obligors when each obligor is liable for the whole performance").[1]Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383 (La.1993) was wrong to hold otherwise, but at least in Williams a workers' compensation suit was filed against the employer for which the employer was liable. This case extends the error of Williams by holding that prescription will be interrupted by the filing of a suit for which the timely sued defendant is not even liable, much less solidarily liable. It is this clearly erroneous aspect of the majority opinion that I write separately about today.
After being injured in a workplace well explosion on September 27, 2007, plaintiff filed a tort suit in the district court against PAR Minerals, and served it within the one year prescriptive period. On May 4, 2009, after that one-year period had elapsed, plaintiff filed a supplemental and amending petition against Pipe Services, claiming Pipe Services was actually the employer of the person plaintiff alleged was responsible for the accident. A month later, PAR Minerals filed a motion for summary judgment, arguing it was plaintiff's statutory employer and therefore should be dismissed from the suit because it was immune from tort liability. The court granted PAR Mineral's motion for summary judgment, and dismissed it from the lawsuit. Thereafter, the district court granted Pipe Service's exception of prescription, finding prescription was not interrupted because there was no timely filed suit against a joint tortfeasor or solidary obligor as PAR Minerals was dismissed from the suit. The court of appeal affirmed.
Even though the timely sued defendant was dismissed, a majority of this Court now finds that prescription was interrupted as to Pipe Services because a suit was timely filed and served upon PAR Minerals within the prescriptive period in an incompetent court under La. C.C. art. 3462.[2] However, suit was filed in a court of competent jurisdiction and proper venue; it just was filed against a party who was not liable because it had a meritorious defense. This Court has long held that a timely filed suit against one defendant does not interrupt prescription against a non-timely sued defendant claimed to be solidarily liable if the timely sued defendant *775 is dismissed from the lawsuit because it is not liable. See e.g., Renfroe v. State ex rel. Dept. of Transp. and Development, 01-1646 (La.2/26/02), 809 So.2d 947, 950; Etienne v. National Auto Ins. Co., 99-2610 (La.4/25/00), 759 So.2d 51; Miller v. Rivers, 98-1086 (La.6/5/98), 720 So.2d 673; McDaniels v. Allison, 97-2572 (La.4/9/98), 708 So.2d 418; Rizer v. American Sur. and Fidelity Ins. Co., 95-1200 (La.3/8/96), 669 So.2d 387; Younger v. Marshall Industries, Inc., 618 So.2d 866, 869 (La. 1993); Picone v. Lyons, 601 So.2d 1375 (La.1992); Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992); Pearson v. Hartford Accident & Indemnity Co., 281 So.2d 724, 726 (La.1973). The reason for this is that the party dismissed is not obligated at all to pay the damages sought in the lawsuit; therefore, he cannot possibly be solidarily obligated with the late-filed defendant. See La. C.C. art. 1794 (in order for an obligation to be solidary, each obligor must be "liable for the whole performance"); Renfroe, supra ("a suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to plaintiffs, since no joint or solidary obligation would exist"). Even when the timely sued defendant is found not liable after a trial on the merits, the non-timely sued defendant may re-urge his exception of prescription at that time. Younger, supra at 869; Frank L. Maraist, Louisiana Civil Law Treatise: Vol. 1, Civil Procedure, § 6.7, p. 177, n. 90 (2nd Ed.2008). This Court has often remanded cases with the caveat that if the timely served defendant is ultimately dismissed because it is found to be not liable, the late served defendant can re-urge his exception of prescription at that time. See e.g., McDaniels v. Allison, supra. Here, PAR Minerals was found to be immune from liability on summary judgment and was dismissed; therefore, the trial court correctly granted Pipe Services' exception of prescription.
Instead of addressing the above line of cases, the majority talks about "fact pleading" in this matter it labeled a "tort suit," Op. at pp. 766, 769, stating it is of "no moment that Mr. Glasgow's petition enumerates tort damages rather than workers' compensation benefits," because "it is not necessary for the plaintiff to plead the theory of his case in the petition." Op. at 771. Apparently it does this in an attempt to say that this tort suit should also be construed as a workers' compensation suit so that it falls under Williams. However, even if this argument were correct, the plaintiff must plead all theories of his case against a defendant before that defendant is dismissed with prejudice from the lawsuit. Once that happens, that defendant can no longer be liable to the plaintiff on any cause of action arising out of the transaction or occurrence that is the subject matter of the litigation. See La. R.S. 13:4231 (A valid and final judgment in favor of the defendant is conclusive between the same parties and all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action).
PAR Minerals was dismissed from this tort suit because its statutory defense gave it immunity from any tort liability; therefore, it should not be classified as solidarily liable merely for the purpose of interrupting prescription. For these reasons, as well as the reasons expressed in my previous dissent, I dissent from the denial of rehearing in this case.
WEIMER, Justice, concurring in the denial of rehearing.
The dissent to the denial of the rehearing overlooks the procedural posture of *776 this case, and would erase the effects of timely service compelled by the Civil Code.
The majority opinion undertook an analysis of LSA-C.C. art. 3462 because Article 3462 accurately accounts for the procedural posture of the case in which suit was brought seeking tort relief against a party that can only be liable in the workers' compensation system and the suit was served within the prescriptive period. From the standpoint the district court could not render a judgment regarding workers' compensation benefits, the district court was an incompetent court.
But in suggesting that LSA-C.C. art. 3462 has no application here, this latest dissent raises a point that only underscores the correctness of the majority opinion. Assuming, for the sake of argument, that the dissent is correct, that the district court is not a court that would be incompetent under LSA-C.C. art. 3462, the result would be exactly the same: prescription would be interrupted as to Pipe Services by timely joining suit against PAR Minerals. For the following reasons, the Louisiana Civil Code compels this result.
First, and undeniably, it must be noted that suit against PAR Minerals was brought within the prescriptive period. Then, assuming as the dissent does that LSA-C.C. art. 3462 has no application, the solidary relationship between PAR Minerals and the later-added defendant, Pipe Services, still cannot be ignored. The Civil Code provides that a timely suit against one solidary obligor interrupts prescription as to other solidary obligors. See LSA-C.C. art. 1799 or 3503. Thus, when suit is timely brought in a competent court, there is no requirement for suit to be served within the prescriptive period or joined against other solidary obligors within the prescriptive period.
This solidary relationship is the key to analyzing this case. As noted in the majority opinion, longstanding jurisprudence from this court holds that a party liable in worker's compensation is solidarily liable with a party liable in tort:
"It is the coextensiveness of the obligations for the same debt, and not the source of liability, that determines the solidarity of the obligation."
Thus, to the extent that the worker's compensation death benefits and the wrongful death and survival provisions overlap, [the employer] and [alleged tortfeasor] are obligated to the same thing even though the obligations arise from different sources. [Citation omitted.]
Op. at 770, quoting Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383, 1388 (La.1993), quoting Narcise v. Illinois Central Gulf Railroad Co., 427 So.2d 1192, 1195 (La.1983).
In their application for rehearing, Respondents urge that this court overrule Williams/Narcise. But Respondents do not address why the principle of jurisprudence constante should now be ignored for this court to overrule Williams/Narcise. "Once jurisprudence constante has been established, we should be `extremely reluctant to change our position.' Borel v. Young, 07-419 (La.7/1/08), 989 So.2d 42, 65. The policy behind this rule is simple, as the public should be able to expect a certain amount of stability and predictability from the decisions of this Court. Id." Hogg v. Chevron USA, Inc., 09-2632, 39-2635, p. 14 (La.7/6/10), 45 So.3d 991, 1014.
Even more important than this court adhering to jurisprudence constante, the rationale in Williams/Narcise has been codified by the legislature, and is therefore no longer for this court to change:
This reasoning now applies with greater force because the year after this *777 court, in Narcise, ruled that the source of liability was immaterial for establishing solidary liability, the legislature promoted that ruling to an article of the Civil Code: "An obligation may be solidary though it derives from a different source for each obligor." LSA-C.C. art. 1797 (1984 La. Acts No. 331, § 1). See also LSA-C.C. art. 1797, cmt. (a) "This Article is new. It restates a principle developed by the Louisiana jurisprudence."
Op. at 770.
A review of the rehearing application shows that Respondents do not mention LSA-C.C. art. 1797. Thus, Respondents have failed to show why a party liable in tort and a party liable in workers' compensation for the same accident, is not a situation of coextensive, solidary liability contemplated by LSA-C.C. art. 1797.
Furthermore, Respondents do not mention LSA-C.C. art. 1794, which is relied on in the dissent to revisit Williams/Narcise. The dissent's reliance on Article 1794 is similarly misplaced. As this court has recently ruled, Article 1794 formed the basis for solidary liability between a workers' compensation carrier and an uninsured motorist carrier. See Cutsinger v. Redfern, 08-2607, pp. 7-9 (La.5/22/09), 12 So.3d 945, 950-51. Applying Article 1794, this court explained that both "the uninsured motorist carrier and the workers' compensation insurer are obliged to the same thing, [and] may each be compelled [to pay] for the whole of their common liability...." Id., 08-2607 at 9-10, 12 So.3d at 952. Here, the same principle of solidary liability applies. Under Article 1794, a tortfeasor and employer are solidarily liable from the standpoint that both the tortfeasor and employer are liable for the medical expenses and for wage replacement.[1] The liability from that perspective is coextensive and, in the words of Article 1794, "each obligor is liable for the whole performance." Succinctly stated, the tortfeasor is liable for the whole amount for which the employer is liable. Thus, the dissent is simply in error when suggesting the suit was against a "defendant [which] is not even liable." Op. on reh'g, dissent at 774. The suit was undisputedly brought against one liable in workers' compensation as a statutory employer. The now codified principle that coextensive liability is solidary liability compels the conclusion that prescription was interrupted as to Pipe Services by timely joining suit against PAR Minerals. Whether that suit was in a competent or incompetent court, the result remains the same. In the end, neither the arguments raised by Respondents nor by the dissenting opinion justify a rehearing of this matter.
NOTES
[1] The district court ruled from the bench on October 7, 2009, and a written judgment was signed later on October 19, 2009.
[2] Because the result Judge Pickett would have reached, i.e. dismissal of appeal, was substantially the same as the ruling of the majority, i.e. affirming the district court's dismissal, Judge Pickett's reasons would perhaps better be characterized as a concurrence.
[3] Pipe Services has argued for dismissal of this matter based upon Mr. Glasgow placing the wrong date for the judgment he intended to appeal in his "Motion and Order for Devolutive Appeal." We find this argument to have been amply addressed by the majority of the court of appeal panel, which cited long held principles for rejecting it. See, e.g., Kirkeby-Natus Corp. v. Campbell, 250 La. 868, 199 So.2d 904, 905 (1967) ("appeals are favored by the courts; ... they should be dismissed only for substantial causes; and ... unless the grounds urged for dismissal are free from doubt appeals will be maintained."). Although Mr. Glasgow used the date of another judgment in the same case, he indicated later within the body of the motion that he was appealing the "ruling, which granted defendant's, Pipe Services Unlimited's, exception of prescription." Both parties later filed briefs in the Court of Appeal on the issue of prescription. Therefore, like the Court of Appeal, we decline to dismiss this matter for what appears to be only a typographical mistake prejudicing no one.
[4] The fountainhead of tort liability is LSA-C.C. art. 2315; workers' compensation liability is established by the Louisiana Workers' Compensation Act, LSA-R.S. 23:1021, et seq.
[5] At the time, suits for workers' compensation benefits were commenced in the first instance in district courts. This changed with the amendment of La. Const. art. V, § 16(A) to allow for workers' compensation cases to be filed with the Office of Workers' Compensation. See 1990 La. Acts No. 1098, § 1, approved Oct. 6, 1990, eff. Nov. 8, 1990.
[6] On this point, Pipe Services' reliance upon Gary v. Camden Fire Ins. Co., 96-0055 (La.7/2/96) 676 So.2d 553 ("voluntary payments are insufficient to toll prescription under Article 3462") is misplaced. The Civil Code provides a two-part formula for interrupting prescription in this situation: a solidary relationship (LSA-C.C. art. 1799 or art. 3503); and a lawsuit against one of the solidary obligors (LSA-C.C. art. 3462). In Camden, one part of this formula was missing because there was no timely lawsuit against one of the solidary obligors, only an acknowledgment to pay workers' compensation benefits. See Camden, 96-0055 pp. 3-4; 676 So.2d at 555-556. Here, as recounted in the earlier analysis under LSA-C.C. art. 3462, there was a timely lawsuit against one of the solidary obligors.
[1] The majority relies on La.C.C. art. 1797 to support its finding of a solidary obligation here, but that reliance is misplaced. Even though the obligation may be solidary if it derives from a different source for each obligor, the requirements of La.C.C. art. 1794 must still be met.
[2] As argued by Pipe Services in its application for rehearing at page 3, footnote 2, suit against PAR Minerals was not filed in an "incompetent court." The majority opinion recognizes that a "competent court" is "a court which has jurisdiction over the subject matter of, and is the proper venue for, the action or proceeding," but finds the district court to be incompetent because it "would not have been competent to render a tort judgment against a party that is immune from tort," and "would be incompetent to render the only remedy available from a statutory employer [workers' compensation benefits]." Op. at 769. However, no one was asking for workers' compensation benefits in this tort suit, and clearly, a district court is the court of proper subject matter jurisdiction for a tort suit. The fact that it could not render a tort judgment against PAR Minerals because PAR Minerals had a meritorious statutory employer defense does not mean the court is incompetent, it just means the defendant is not liable in tort. In addition, if it were an incompetent court, prescription would only be interrupted "as to a defendant served with process within the prescriptive period," i.e., PAR Minerals, not Pipe Services. La.C.C. art. 3462.
[1] Although the wage replacement owed by the employer may be limited, the result under Article 1794 is unchanged. As this court recently explained, "we determined that the uninsured motorist carrier and the employer and/or its workers' compensation insurer share a common liability that is not subject to a plea of division.... Thus, each obligor is bound for the whole as to each element of damage that is coextensive." Cutsinger, 2008-2607 at 9, 12 So.3d at 951, citing Bellard v. American Central Ins. Co., 07-1335, p. 14 (La.4/18/08), 980 So.2d 654, 665-66.