HANS J. LILJEBERG, Judge.
| ^Appellees, Exxon Mobil Corporation, Exxon Mobil Oil Corporation and Humble Incorporated, filed a motion to dismiss the appeal filed by appellants, Karen Alexie Rodrigue, Hermina McCall and Edna Raymond. For the following reasons, we grant appellees’ motion to dismiss the appeal and remand this matter back to the trial court to enter a written judgment on appellants’ motions to dismiss with prejudice.
On January 13, 2015, appellants each filed a motion to dismiss their wrongful *1264 death claims with prejudice. Appellees opposed these motions because they sought to limit the dismissal to the wrongful death claims as opposed to a “complete dismissal with prejudice of all of Plaintiffs claims in the case.” The trial court set appellants’ motions to dismiss for hearing and then took them under advisement on January 22, 2015. On February 29, 2015, the trial court issued “Reasons for Judgment” indicating its intent to deny each of the appellees’ motions to dismiss with prejudice. The trial court did not enter any written judgments with respect to the motions to dismiss.
On April 29, 2015, appellants filed a motion for devolutive appeal which stated appellants were moving “for a devolutive appeal in this matter regarding 17the ruling of this trial court on January 22, 2015, granting Defendants’ Motion for Summary Judgment.” On that same day, appellants filed a motion to designate the record, seeking to limit the record to their motions to dismiss with prejudice, motions for summary judgment filed by appellees and other defendants, the January 22, 2015 hearing transcript and thé “Judgment and Reasons for Judgment signed February 19, 2015.” Appellants also filed an assignment of errors pursuant to La. C.C. P. art. 2129, which alleged, inter alia, that the trial court wrongfully denied their motions to dismiss with prejudice. On May 6, 2015, appellees filed a counter-designation of record.
In their motion to dismiss the appeal, appellees argue the trial court’s reasons for judgment denying the motions to dismiss with prejudice are not final appeal-able judgments. Appellees also note the motion for devolutive appeal only refers to the trial court’s January 22, 2015 ruling granting a summary judgment motion which did not address any of appellants’ claims.[1]
In their opposition to the motion to dismiss the appeal, appellants agree they intended to appeal the denial of their motions to dismiss with prejudice, not the granting of a summary judgment.[2] They further agree the trial court’s denial of their motions to dismiss with prejudice are not final appealable judgments and request that this Court convert their appeal into an application for a supervisory writ.
|sThe parties agree this appeal is improper due to the absence of a final appealable judgment. However, we further find the record does not contain a written judgment which formally rules upon appellants’ motions to dismiss with *1265 prejudice. La. C.C.P. art. 1914(B) provides that an “interlocutory judgment shall be reduced to writing ... if the court takes the interlocutory matter under advisement.” Furthermore, it is well settled a trial court’s judgment and reasons for judgment are two separate and distinct legal documents, and a request for appellate review must be taken from the judgment, not the written reasons for judgment. See McCalmont v. Jefferson Parish Sheriffs Office, 99-940 (La.App. 5 Cir. 1/12/00), 748 So.2d 1286, 1290, writ denied, 00-0679 (La.4/20/00), 760 So.2d 1160; Parish of St. Charles v. Young, 99-411 (La. App. 5 Cir. 12/15/99), 750 So.2d 276.
For these reasons, we dismiss appellants’ appeal and remand this, matter to the trial court to enter written judgments on the motions to dismiss with prejudice filed by appellants.

MOTION TO DISMISS APPEAL GRANTED: REMANDED.

. According to the January 22, 2015 hearing transcript, the trial court heard numerous exceptions and motions on that date. Appel-lees' summary judgment motions sought the dismissal of claims filed against them by co-plaintiff, Harold Bowie. Mr. Bowie is represented by the same plaintiffs’ attorneys as appellants in this matter and Mr. Bowie also has an appeal pending before this Court (15— CA-313), with respect to the granting of these summary judgment motions.

. It appears from the record that all parties understood appellants intended to appeal the denial of their motions to dismiss with prejudice. When considering similar references to the incorrect judgment, the Louisiana Supreme Court has declared that appeals are favored by the courts, they should be dismissed only for substantial cause, and unless the grounds urged for dismissal are free from doubt, appeals will be maintained. See Glasgow v. PAR Minerals Corp., 10-2011 (La.5/10/11), 70 So.3d 765, 767, n. 3; Kirke-by-Natus Corp. v. Campbell, 250 La. 868, 199 So.2d 904, 905 (1967). In Glasgow, the Supreme Court declined to dismiss an appeal "for what appears to be only a typographical mistake prejudicing no one.” Id.