McDONALD, J.,
dissenting.
hln affirming the trial court judgments, the majority concludes that the plaintiffs’ instant state court suit was not prescribed, because their earlier-filed federal suit remained pending when the plaintiffs filed the instant suit, and the federal suit served to interrupt prescription for as long as it remained pending. I respectfully believe this conclusion is wrong.
Prescription is interrupted when the ob-ligee commences action against the obligor in a court of competent jurisdiction and venue. If an action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the *488 prescriptive period. LSA-C.C. art. 3462.[1] A court that does not have subject matter jurisdiction is not a competent court. Glasgow v. PAR Minerals Corp., 10-2011 (La. 5/10/11), 70 So.3d 765, 768-69. Federal courts are courts of limited jurisdiction and must havet statutory or constitutional power to adjudicate a claim. Home Builders Ass’n of Mississippi, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which the parties are diverse in citizenship. 28 U.S.C. §§ 1331, 1332. (Emphasis added.) Subject matter jurisdiction cannot be waived or conferred by consent, agreement, or other conduct of the parties. Gasch v. Hartford Acc. & Indent Co., 491 F.3d 278, 284 (5th Cir.2007), Further, subject matter jurisdiction is not a question that invites the exercise of a court’s discretion. Jurisdiction is absolute; it either exists, or it does not. Printworks, Inc. v. Dorn Co., Inc., 869 F.Supp. 436, 438 (E.D.La. 10/17/94).
The fact that thé plaintiffs first filed suit against Ms. Crowe in federal court did not create subject matter jurisdiction there. Thus, the filing of the federal suit did not give the federal court “presumptive” subject matter jurisdiction until the diversity of citizenship issue was determined. If the federal court did not have subject matter jurisdiction, because the parties were not diverse in citizenship, then it was not a court of competent jurisdiction, and under LSA-C.C. art. 3462, the filing of the suit in federal court did not interrupt prescription. Rather, the prescription issue in this case cannot be resolved until further inquiry is made into Ms. Crowe’s residency at the time the federal suit was filed.
I believe this court should reverse the trial court’s denial of the defendants’ motion for new trial, vacate the judgment on the merits, and remand this matter to the trial court for consideration of the defendants’ proffered evidence and a determination of whether the federal court had subject matter jurisdiction when the plaintiffs filed their complaint there. If the federal court had subject matter jurisdiction based on diversity of citizenship, then the filing of federal suit indeed interrupted prescription as to the instant suit. However, if the federal court did not have subject matter jurisdiction when the instant suit was filed, because diversity of citizenship did not exist, then the filing of the federal suit did not interrupt prescription, because the federal suit was not filed in a court of competent jurisdiction.

. The second sentence of LSA-C.C. art. 3462 does not apply here, because the defendants were not served with the federal suit within the applicable prescriptive period.